Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| ERICK SHAUN HERNÁNDEZ FIGUEROA<br><br>Peticionario<br><br>v.<br><br>BETZAIDA RIVERA TRINIDAD<br><br>Recurrido | KLCE202400680 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Sobre: Divorcio<br><br>Caso Núm.:<br>D DI2019-0180 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de julio de 2024.

Comparece ante nos por derecho propio, el Sr. Erick Shaun Hernández Figueroa (en adelante, "señor Hernández Figueroa o peticionario") mediante el recurso de *certiorari*.

Inferimos que solicita la revisión de las Ordenes emitidas el **16 de mayo de 2024** y el **28 de mayo de 2024**, por el Tribunal de Primera Instancia de Bayamón, Sala de Familia y Asuntos de Menores (en adelante, "TPI").[1]

Examinada la totalidad del expediente, resolvemos **denegar** la expedición del auto de *certiorari* solicitado.

Nos limitaremos a presentar los hechos del caso relacionados a esta controversia, sin especificar ciertos trámites cuya omisión no incide en nuestra determinación final.

Veamos.

---

[1] Cabe señalar que, el peticionario hace referencia a una *Resolución* final y firme emitida el **23 de agosto de 2021**, y señala que esta dio paso a la privación de la patria potestad.

**-I-**

De los *autos* ante nuestra consideración surge que, el **9 de abril de 2019** fue disuelto el vínculo matrimonial habido entre el señor Hernández Figueroa y la Sra. Bethzaida Rivera Trinidad (en adelante, "señora Rivera Trinidad o recurrida"). De manera provisional, la custodia del hijo de las partes fue otorgada a la recurrida, no obstante, ambos padres compartirían la custodia del menor.

Varias incidencias procesales después, el **22 de noviembre de 2021**, el TPI emitió una Resolución que,[2] entre otros asuntos, aclaró: *"[e]l padre no ha sido privado de patria potestad en el presente caso como alega, sino que el ejercicio exclusivo de la misma es lo que se le adjudicó a la madre, ello por las actuaciones del demandante"*.[3]

Luego, el señor Hernández Figueroa solicitó nuevamente la restitución de la patria potestad, sin embargo, el **23 de agosto de 2022** el TPI mantuvo la Resolución del 22 de noviembre de 2021 como final y firme, por lo que declaró: *"No ha lugar a restitución de la patria potestad. [...]"*.[4]

El **14 de septiembre de 2022**, el señor Hernández Figueroa presentó una reconsideración,[5] no obstante, el **22 de septiembre de 2022** la misma fue declarada *Sin Lugar*,[6] mediante una Resolución que, entre otras cosas, expresó:

> *"[a]nte la grave y reiterada falta de comunicación efectiva para la toma de decisiones entre ambos se determinó que fuera la demandada quien tomara las mismas. El padre no ha sido privado de todos sus derechos, sino que le fueron limitados entendiendo redundaba en el mejor interés del menor en atención del historial del caso y las controversias particulares que fueron presentadas al Tribunal"*.[7]

El **7 de mayo de 2024**, el señor Hernández Figueroa presentó por derecho propio el documento intitulado: *"Restitución de Patria*

---

[2] Apéndice de la Recurrida, págs. 1 – 8.
[3] *Ídem*, pág. 8
[4] Apéndice de la Recurrida, pág. 9.
[5] Apéndice de la Recurrida, págs. 10 – 12.
[6] Apéndice de la Recurrida, págs. 13 – 14.
[7] *Íd.*, pág.14.

*Potestad y Solicitud de Desacato"*.[8] En respuesta, el **16 de mayo de 2024** el TPI, expresó:

> *Por lo controversial que ha sido este proceso entre las partes y ante el historial del presente caso, <u>el Tribunal no atenderá este asunto si la parte demandante se encuentra representándose por derecho propio.</u>*
> *Dicho esto, proceda a la contratación de abogado y se seguirá el proceso correspondiente. <u>Tiene 30 días para comparecer por abogado</u>*.[9]

Inconforme, el **23 de mayo de 2024** el señor Hernández Figueroa presentó por derecho propio una *"Solicitud de Reconsideración"*.[10] Entre otras cosas, alegó que económicamente no podía contratar a un abogado, por lo que solicitó auto representarse ya que ello no causaba una dilación de los procesos. Además, adujo, sin mayor argumentación, que la determinación de la patria potestad era arbitraria y un abuso del derecho, por lo que solicitó la nulidad de la misma bajo la Regla 49.2 de Procedimiento Civil y la restitución de la patria potestad.

Examinada la solicitud, el **28 de mayo de 2024** el TPI la declaró *"No ha lugar. Realice las gestiones en Pro Bono del Colegio de Abogados"*.[11]

Insatisfecho, el **20 de junio de 2024** el señor Hernández Figuera presentó por derecho propio el recurso de *certiorari* y alegó la comisión de cuatro (4) errores:

> *ERRÓ EL TPI Y ABUSÓ DE SU DISCRECIÓN AL PRIVAR DE LA PATRIA POTESTAD AL AQUÍ PETICIONARIO AL RESOLVER SIN ESCUCHAR PRUEBA NI SEÑALAR VISTA.*
>
> *ERRÓ EL TPI AL PRIVAR DE LA PATRIA POTESTAD OBVIANDO LA DISPOSICIÓN CONSTITUCIONAL DEL DEBIDO PROCESO DE LEY.*
>
> *ERRÓ EL TPI AL NO RESTITUIR LA PATRIA POTESTAD.*
>
> *ERRÓ EL TPI AL REQUERIR LA CONTRATACIÓN DE UN ABOGADO PARA ATENDER MI RECLAMO DE NULIDAD PRIVACIÓN DE PATRIA POTESTAD.*

---

[8] Apéndice del Peticionario, págs. 1 – 5.
[9] Apéndice del Peticionario, pág. 8.
[10] Apéndice del Peticionario, págs. 9 – 11.
[11] Apéndice del Peticionario, pág. 13.

De su parte, el **3 de julio de 2024** compareció la señora Rivera Trinidad mediante el escrito intitulado: *"MOSTRACIÓN DE CAUSA & SOLICITUD DE SANCIONES"*. Habiendo comparecido ambas partes, damos por sometido el asunto.

**-II-**

El recurso de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[12] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[13]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].*[14]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

---

[12] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

[13] *García v. Asociación,* 165 DPR 311, 321 (2005).

[14] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.

(D)  *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

(E)  *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

(F)  *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

(G)  *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[15]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[16]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[17]

**-B-**

La Regla 49.2 de Procedimiento Civil establece el mecanismo procesal que se tiene disponible para solicitar al TPI el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos.[18] En ese sentido, la Regla 49.2 dispone:

*Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:*

(a)  *error, inadvertencia, sorpresa o negligencia excusable;*

(b)  *descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;*

(c)  *fraude (incluso el que hasta ahora se ha denominado —intrínseco y el también llamado —extrínseco), falsa representación u otra conducta impropia de una parte adversa;*

**(d)  nulidad de la sentencia;**

(e)  *la sentencia ha sido satisfecha, renunciada o se ha*

---

[15] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[16] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[17] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).
[18] *García Colón et al. v. Sucn. González,* 178 DPR 527, 539 (2010).

*cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o*

*(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.*

*[...] La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurrido seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. [...]*[19]

En específico, el inciso (d) de la Regla 49.2 de Procedimiento Civil, otorga al Tribunal la facultad de relevar a una parte de los efectos de una sentencia —aun despúes de transcurrido el referido término de seis (6) meses— cuando se determine su nulidad. Bajo ese palio, una sentencia es nula cuando se ha dictado sin jurisdicción sobre la persona o la materia, o mediante fraude al tribunal, o cuando al dictarla se ha quebrantado el debido proceso de ley en el cual se privó a una parte de la notificación o de la oportunidad de ser oída.[20] Así, por ejemplo, se ha resuelto que la ausencia de una parte indispensable es una violación al debido proceso de ley que conlleva obligatoriamente el relevo de la sentencia.[21]

Así pues, si una sentencia es nula, tiene que dejarse sin efecto independientemente de que la solicitud a tales efectos se haga con posterioridad a haber expirado el plazo de seis (6) meses que establece la Regla 49.2 de Procedimiento Civil.[22]

**-III-**

En suma, el peticionario señala que el TPI erró y abusó de su discreción al privarlo de la patria potestad sin la oportunidad de ser oído ni presentar prueba a su favor, violando así el debido proceso de ley. De igual modo, alega el foro recurrido incidió al no restituirle la patria potestad, y requerirle la contratación de un representante legal.

---

[19] 32 LPRA Ap. V, R. 49.2.
[20] *García Colón et al. v. Sucn. González, supra,* a la pág. 543.
[21] *HRS Erase v. CMT,* 205 DPR 689, 699 (2020).
[22] *Íd.*

De entrada, resolvemos que el peticionario pretende utilizar como subterfugio la moción de relevo de la Regla 49.2 de Procedimiento Civil para re litigar el asunto de la limitación de su patria potestad que ha sido reiterado por el TPI en varias ocasiones.

Referente a las órdenes recurridas, somos del criterio que conforme a los hechos del caso y al derecho aplicable, las mismas constituyen una determinación dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad para manejar los casos de la manera que entiendan más adecuada.

Todavía más, el **24 de junio de 2024** el peticionario presentó una *"Moción asumiendo representación legal"*,[23] la cual fue aprobada por el TPI el **25 de junio de 2024**.[24] Por lo que en este momento cuenta con representación legal.

Por lo tanto, estamos ante un caso que a todas luces, no presenta ninguna de las circunstancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* que nos motive expedir el auto solicitado. Tampoco encontramos justificación alguna para intervenir con las órdenes recurridas, a la luz de los criterios establecidos en la Regla 40 de este Tribunal de Apelaciones, *supra.*

Tampoco el peticionario señaló prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Así, en el ejercicio de la sana discreción que nos permite la Regla 40 del Tribunal Apelaciones, *supra,* resolvemos denegar la expedición del auto de *certiorari.*

**-IV-**

Por lo fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* solicitado.

---

[23] Apéndice de la Recurrida, pág. 15
[24] Apéndice de la Recurrida, pág. 16.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones